(Of the seventh circuit, sitting in the first circuit.)

EUREKA FIRE & MARINE INS. CO. v. PURCELL.

1. LOSS AS NECESSARY RESULT OF MANNER OF REPAIRING.

No recovery can be had upon a policy of marine insurance where it appears that the boat sank while being repaired with a side dock, and that the sinking was the necessary result of the manner in which the repairs were being made, as opening the seams and throwing out of the caulking. Such a loss would not be an accident, but an injury which would necessarily occur to any boat under the same circumstances.

Insurance Co. v. Purcell.

**2. Charge Assuming Fact as to Loss.**

A charge which assumes that the insurance company is liable for any act of the owner or his servants in making the repairs, whether the result of such act was a necessary injury consequent upon making the repairs with a side-dock or not, is erroneous. Where the evidence tends to prove that the loss was due to such necessary consequences, the question should be submitted to the jury.

**3. Knowledge of Unseaworthiness Immaterial.**

A charge that " if you find the vessel was unseaworthy" and that " it was known to the plaintiff at that time, and the boat sank from unseaworthiness, then the defendant company would not be liable," is misleading, as knowledge of the fact of unseaworthiness on the part of the owner would be immaterial.

**4. Inconsistent Charges Justify Reversal.**

If two inconsistent charges are given, one of which is erroneous, and it is impossible to say which the jury followed, the judgment should be reversed.

Error to the Court of Common Pleas of Hamilton county.

Laubie, J.

The petition of the plaintiff below seems to allege that the opening of the seams of the boat and throwing out of the caulking were the necessary and inevitable results of the use of a side dock in attempting to repair; but at all events the evidence tends to, if it does not fairly prove that such would be the necessary and inevitable result of such use of such dock, or of that manner of repairing; and if the jury should find, under proper instructions, that such would be the necessary result, and was in this case, then the plaintiff could not recover, because the injury to the boat which allowed the water to enter and sink her was not an accident, but an injury that must of necessity occur to any boat under the same circumstances. Hazard, Admr., v. Ins. Co., 8 Peters, 557, recognized in Washington Mut. Ins. Co. v. Reed, 20 Ohio, 200, 211; Martin v. Insurance Co., 2 Mass., 420.

This being so, the court in this case erred in charging the jury:

"If you find this sea-vessel was unseaworthy, but was in process of being repaired, and that they were using such means for the repair of the vessel as prudent men engaged in the business of repairing a vessel would use, and the repairs were being made at New Richmond, and the boat sank while the repairs were going on, and the cause of the sinking arose from the attempted repairs, and not through any unseaworthiness of the vessel, then that would be such a peril as the policy insured against, and for which plaintiff would be entitled to recover."

Such charge was misleading, and assumed that the defendant company was liable for any act of the owner and his servants in making the repairs, whether the result of such act was a necessary injury consequent upon the making of the repairs with a side dock or not. Instead, the court should have submitted the question to the jury in conformity with the rule hereinbefore stated, as was done in Hazard, Admr., v. Insurance Co., *supra*.

The court also erred in charging:

"But if you find the vessel was unseaworthy and not fit to be used for the purpose it was, and it was known by the plaintiff at that time, and the boat sank from unseaworthiness, then the defendant company would not be liable."

That charge is misleading. If the jury should find the vessel unseaworthy at the time, the knowledge of that fact on the part of the owner

34  O. C. D.  Vol. 10

would be immaterial. This was not cured in any other part of the charge.

If two inconsistent charges are given, one of which is erroneous, it is not possible to say which one the jury followed. Reversed and remanded for new trial.

*J. H. Cabell*, for plaintiff in error.

*Swing. Cushing & Morse,* for defendant in error.

---

### EXCEPTIONS—EVIDENCE—SALES.